| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
| SOLISHUM SUMER SHIELDS,<br><br>  Plaintiff<br>v.<br><br>RYAN WIEGAND, ALEXANDER BARRY, JOSHUA LINAMEN, JAMES WISNIESKI, NICHOLAS REGINELLA, COLTON DEMBERGER, OFFICER RHOADES, JOHN DOE, JOHN DOE, JOHN DOE and EAST LAMPETER TOWNSHIP,<br><br>  Defendants | DOCKET NO. 5:20-CV-02999-CDJ<br>Honorable C. Darnell Jones, II.<br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED |
| **PARTIAL MOTION TO DISMISS OF DEFENDANTS RYAN WIEGAND AND EAST LAMPETER TOWNSHIP PURSUANT TO FR.C.P. 12(b)(6)** | |

AND NOW, comes Defendants, Ryan Wiegand and East Lampeter Township, by and through their counsel, Margolis Edelstein, to move to dismiss the Plaintiff's claims asserted under the Fourteenth and Eighth Amendments, as well as all claims against East Lampeter Township and in support thereof aver the following.

1. After a period of suspension, Plaintiff originally commenced this action via Complaint filed on June 9, 2020. *See Doc. 2*. After a period of suspension, Plaintiff was permitted to reinstitute his claim via Amended Complaint filed with this Honorable Court on or about March 29, 2021. *See Doc. 40.*

2. In Plaintiff's Amended Complaint, Plaintiff attempts to assert claims against Police Officer Ryan Wiegand ("Wiegand") and East Lampeter Township ("Township"), indicating that his civil rights were violated during the course of a police pursuit that resulted in his conviction on multiple counts including felonies.

3. In his Amended Complaint, Plaintiff correctly observes that Officer Wiegand was, at all times relevant hereto, a police officer for the Township. *See Doc. 40 at Paragraph 1.*

4. Plaintiff also correctly observes that East Lampeter Township is a municipality in the Commonwealth of Pennsylvania. *See Doc. 40, Paragraph 8.*

5. Plaintiff alleges that on December 2, 2019, he was operating a motor vehicle at approximately 11:55 p.m. in Lancaster, Pennsylvania. *Id. at Paragraph 1.*

6. Plaintiff alleges that he was followed by a vehicle operated by Officer Wiegand. Id.

7. Plaintiff alleges that Officer Wiegand drove "in an aggressive manner." Thereafter, Plaintiff candidly concedes that Office Wiegand's vehicle activated its flashing lights. Nevertheless, Plaintiff concedes that he failed and refused to stop his vehicle despite the flashing lights. *Id. at Paragraphs 8 and 9.*

8. Indeed, Plaintiff concedes that his refusal to pull his vehicle over pursuant to a lawful stop continued for at least another 15 minutes. *Id. at Paragraph 19*. Plaintiff also claims that he was traveling very slowly, and that his tires were "shredded" by "spike strips." Despite all of the foregoing, Plaintiff still failed to submit to a lawful police stop.

9. Furthermore, Plaintiff admits that even after his vehicle was disabled by a PIT maneuver performed by the state police, he continued to flee on foot from officers that he pleads were acting under color of state law. *Id. at Paragraphs 28 – 29.*

10. Plaintiff concedes that he resisted arrest. *Doc. 40 at Paragraph 32.*

11. Indeed, the public and official record of Plaintiff's criminal history reflects that Plaintiff pled guilty to multiple violations of the criminal code, including fleeing or attempting to allude police officer pursuant to 75 P.S. 3733 (a). A true and correct copy of Plaintiff's criminal history is attached hereto as Exhibit A.

12. 75 P.S. 3733 (a) provides as follows:

> **(a) Offense defined.--** Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2)

Fleeing or attempting to allude police officer when committed under the influence of a controlled substance and/or when a law enforcement officer is endangered by the high speed nature of the pursuit is a third-degree felony.

13. Plaintiff pled guilty to recklessly endangering another person and to driving under the influence in violation of 75 P.S. 3802(d)(3). Id. These guilty pleas conclusively establish that Plaintiff's conduct was willful and felonious.

14. Nevertheless, Plaintiff alleges that his Fourteenth Amendment due process rights and his rights under the Eighth Amendment were violated by, *inter alia,* Officer Wiegand's conduct. Additionally, Plaintiff alleges in conclusory fashion, that the Township failed to adequately train Officer Wiegand.

15. Plaintiff appears to assert a claim for punitive damages against all Defendants named herein, including the Defendant Township.

**I.      MOTION TO DISMISS CLAIMS ASSOCIATED WITH POLICE PURSUIT**

16.     Police pursuits are properly analyzed under the Fourteenth Amendment. This is particularly true when Plaintiff fails to articulate any facts sufficient to establish a Fourth Amendment Seizure during the course of the pursuit. Plaintiff alleges no such facts with regard to the conduct of Officer Wiegand.

17.     A substantive due process violation under the Fourteenth Amendment generally requires "outrageous conduct with an intent to harm."

18.     Nothing in Plaintiff's Complaint supports a finding of "outrageous conduct or intent to harm" and, accordingly, Plaintiff's Fourteenth Amendment claims must fail as a matter of law. Moreover, Defendant Wiegand is entitled to qualified immunity with respect to the conduct alleged during the course of the pursuit.

19.     Even if Plaintiff's claims arising from the police pursuit are analyzed under the Fourth Amendment standard, his claims fail as a matter of law because Plaintiff's conduct was a threat to himself, and others establishing the reasonableness of the stop as a matter of law.

20.     Even if this Honorable Court finds that Plaintiff has potentially stated a claim upon which relief can be granted arising from the police pursuit, Moving Defendants respectfully submit that the law pertaining to Police pursuits was also clearly established so as to place Defendant Wiegand upon notice that his conduct could potentially violate Plaintiff's constitutional rights entitling him to qualified immunity as a matter of law.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court dismiss Plaintiff's Fourth and Fourteenth Amendment claims against Officer

Wiegand arising from his role in the Police Pursuit for failure to state a claim upon which relief can be granted.

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE EIGHTH AMENDMENT UPON WHICH RELIEF CAN BE GRANTED.

21. All Plaintiff's claims arise from conduct during a pursuit and ultimate arrest, resulting in convictions for multiple criminal violations.

22. Claims under the Eighth Amendment are reserved for conduct involving cruel and unusual punishment after the seizure, process and confinement of an individual has taken place.

23. Plaintiff's allegations concern conduct that occurred before Plaintiff received process and his penalty for his crimes and, accordingly, Plaintiff's claims under the Eighth Amendment must fail as a matter of law.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court dismiss Plaintiff's Eighth Amendment claims for failure to state a claim upon which relief can be granted.

## III. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST EAST LAMPETER TOWNSHIP UPON WHICH RELIEF CAN BE GRANTED

24. Plaintiff asserts generally that East Lampeter Township "acquiesced in their police officer's misconduct by failing to adequately train Officer Ryan Wiegand …"

25. However, Plaintiff fails to identify any particular policy or procedure in question, much less how this policy or procedure led to a constitutional violation.

26. These failures are fatal to Plaintiff's claim against East Lampeter Township.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court dismiss Plaintiff's claims against East Lampeter Township for failure to state a claim upon which relief can be granted.

## IV. PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES AGAINST EAST LAMPETER TOWNSHIP MUST FAIL AS A MATTER OF LAW.

27. Plaintiff has attempted to state a claim for punitive damages against all Defendants, including East Lampeter Township.

28. Punitive damages are not available for a constitutional violation committed by a municipal entity.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court dismiss Plaintiff's claims for punitive damages against East Lampeter Township for failure to state a claim upon which relief can be granted.

                                                  Respectfully submitted,

                                                  MARGOLIS EDELSTEIN

Date: April 12, 2021            By: _____
                                                  ROLF E. KROLL
                                                  Attorney I.D. No. 47243
                                                  3510 Trindle Road
                                                  Camp Hill, PA 17011
                                                  PHONE: 717-760-7502
                                                  FAX: 717-975-8124
                                                  EMAIL: rkroll@margolisedelstein.com
                                                  *Counsel for Defendants,*
                                                  *Ryan Wiegand*
                                                  *and East Lampeter Township*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April 2021, a copy of the foregoing document was served upon the following via ECF Notification and first-class mail:

Solishum Sumer Shields
#75319
Chester County Prison
501 S. Wawaset Road
West Chester, PA  19382
*(Pro Se Plaintiff)*

MARGOLIS EDELSTEIN

By: _____
Angela M. Gayman, CRP
Legal Assistant